■ In the Matter of the Claim of ARTHUR G. JOHNSON, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 20, 1975, which adopted and affirmed a referee's decision sustaining the initial determination of the Industrial Commissioner that claimant had voluntarily left his employment without good cause; had been overpaid $34 in benefits which were recoverable; and imposed a forfeiture of eight effective days because he had made willful false statements to obtain benefits. Claimant, a New York City taxi driver, was arrested in New Jersey for, among other things, speeding and was fined a total of $80. He was only able to pay $25 at the time of his arraignment and the matter was adjourned to give him the

opportunity of paying the balance due. Upon his return to New York he apparently had a change of heart and decided not to pay the balance of the fine, but instead offered to be incarcerated in lieu of the fine, which the court refused to consider. Some time thereafter and as a result of considerable correspondence between the court and the claimant, the State of New Jersey finally suspended his license for failure to pay such fine and sent a copy of such suspension order to New York. This State, pursuant to section 517 of the Vehicle and Traffic Law, suspended the claimant's license to operate in this State "because of his failure to appear on August 18 in response to a summons in municipal court". Claimant cannot in this proceeding attack the collateral issue of the authority of New York to suspend his license. The board found that the claimant should have known that his failure to comply with the ruling of the New Jersey court would result in a suspension of his license in New York and "Claimant knew or should have known that his failure to settle the fine * * * would result in the suspension of his license, which would prevent him from driving a cab" and, accordingly, "claimant left his employment for personal and noncompelling reasons, which is equivalent to a voluntary leaving of employment without good cause". The sole issue for this court is whether claimant knew or should have known that his license would be suspended for failure to obey the order of the New Jersey court. Reciprocity between States in such matters as motor vehicle violations is common knowledge. Claimant was informed that failure to pay the balance of the fine would result in a New Jersey suspension and that New York would be apprised of such action by the State of New Jersey. In any event, when he received the notice of suspension, he could have remedied the situation by paying the fine, but for reasons best determined by himself, he failed to do so and the suspension thus continues. Under these circumstances, the finding of the board is sustainable. (See *Matter of Malaspina [Corsi]*, 309 NY 413; *Matter of Goldenthal [Levine]*, 50 AD2d 658.) The additional finding of the board that the claimant made a misrepresentation in regard to the manner in which his employment terminated is supported by substantial evidence. There is insufficient evidence, however, to support the conclusion that the misrepresentation was willful. The record contains and the claimant produced upon the appeal a receipt from the Unemployment Insurance Division for the return of a benefit check in the amount of $34 and thus, the finding of the board was in error. Decision modified, by striking therefrom the finding of a willful misrepresentation and the imposition of a forfeiture and by striking therefrom the finding of an outstanding recoverable overpayment, and matter remitted for further proceedings not inconsistent herewith, and, as so modified, affirmed, without costs. Herlihy, P. J., Sweeney, Koreman, Main and Larkin, JJ., concur.